870 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert W. HART, Plaintiff-Appellant,
v.
Clark FRAME, Susan Tucker, Prosecuting Attorney, Monongalia
County, Nancy Aliff, Olivia Bibb, Paul Parker, Jr., Anthony
Halkias, Darrell Ringer, Bailey James, Kathleen Berry, WV
Department of Highways, Elwood Penn, WV Department of
Highways, Paul McMahan, WV Department of Highways, Charles
Miller, Larry Starcher, Richard Neely, for Frank Depond, WV
State Supreme Court, Defendants- Appellees.
 No. 88-3178.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1988.
Decided March 1, 1989.
Rehearing Denied March 22, 1989.
 
 Robert W. Hart, appellant pro se.
 Clark Byrne Frame, Wilson, Frame & Metheney, Susan B. Tucker, Nancy Jean Aliff, West Virginia Department of Highways, Paul Parker, Jr., Darrell Ringer, Reeder, Shuman, Ringer & Wiley, George Baker Armistead, Baker & Armistead, for appellees.
 Before DONALD RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert W. Hart seeks, anew, to press his claim that he was wrongfully denied just compensation for property taken by the West Virginia Department of Highways (DOH) under eminent domain proceedings in 1979. Hart has filed numerous related lawsuits in state court and this is the third time we review his federal claims.
 
 
 2
 The district court, understandably frustrated with Hart's persistence, dismissed this latest complaint sua sponte because it sought a criminal investigation. We concur with this holding, in part, but also note that Hart also raises a valid civil claim and specifically seeks civil damages. Nonetheless, we endorse the district court's observation (in its order denying leave to proceed in forma pauperis ) that this suit is an obvious attempt to seek judicial review by disguise in order to circumvent the prior adverse decisions. We interpret this observation to be suggestive of the district court's concern in this case.
 
 
 3
 We fully agree that Hart seeks to relitigate the same claims previously raised and we deem these latest claims barred by the doctrine of res judicata. The only difference we perceive between this case and Hart's prior federal claim is that Hart names new parties,[1] and we consider these parties to be so closely aligned to the prior parties as to be indistinguishable for purposes of res judicata. See Aerojet General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.1975), cert. denied, 423 U.S. 908 (1976); Nash County Board of Education v. Biltmore Co., 640 F.2d 484 (4th Cir.), cert. denied, 454 U.S. 878 (1981). Accordingly, although we grant leave to proceed in forma pauperis, we affirm the dismissal of Hart's lawsuit based on res judicata.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in this record and oral argument would not aid the decisional process.*
 
 AFFIRMED
 
 
 [1]
 The new parties are: Nancy Aliff, Olivia Bibb, Anthony Halikas, James Bailey, Darrell Ringer, and Larry Starcher
 
 
 *
 We have considered the supplementary material submitted by Hart in our disposition of this appeal